**Marie A. HLINKO, Appellant–
Defendant,**

v.

**Yvonne MARLOW and John Marlow,
Appellees–Plaintiffs.**

No. 45A03–0607–CV–313.

Court of Appeals of Indiana.

April 16, 2007.

Garrett V. Conover, Merrillville, IN, Attorney for Appellant.

Jeffrey S. Wrage, Duane W. Hartman, Valparaiso, IN, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Marie Hlinko appeals the denial of her motion to correct error, which sought to set aside the trial court's denial of her "Motion to Continue Trial or in the Alternative to Bar Testimony and Exhibits."

We affirm.

The sole restated issue is whether the trial court abused its discretion by denying Hlinko's motion to continue the trial and by denying her motion to correct error.

In 2002, Yvonne M. Marlow (Yvonne) was involved in an automobile accident with Hlinko. Based upon this accident, Yvonne and her husband, John E. Marlow (collectively the "Marlows"), filed a complaint against Hlinko in 2004. Discovery was conducted, and the case was set for trial on April 6, 2006. On the morning of trial, Hlinko's counsel filed a motion to continue trial or in the alternative to bar testimony and exhibits based upon her allegation that Yvonne had breached her duty to supplement discovery responses. The trial court held a hearing on Hlinko's motion the same day and denied the mo-

tion. The jury trial was conducted, and the jury returned a verdict in favor of Yvonne. Hlinko then filed a motion to correct error with regard to the trial court's denial of her motion to continue. Following a hearing on the motion, the trial court entered its denial. This appeal ensued.

◼ Hlinko contends that the trial court abused its discretion by denying her motion to continue and by subsequently denying her motion to correct error because Yvonne did not properly supplement her interrogatory responses in accordance with Ind. Trial Rule 26(E).

◼ The discretion of the trial court lies at the heart of this case. We review a trial court's denial of a motion to correct error for an abuse of discretion. *Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499, 502 (Ind.Ct.App.2004). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law." *Pfaffenberger v. Jackson County Regional Sewer Dist.*, 785 N.E.2d 1180, 1183 (Ind.Ct.App.2003). In addition, the decision to grant or deny a motion for continuance lies within the sound discretion of the trial court. *Thompson v. Thompson*, 811 N.E.2d 888, 907 (Ind.Ct.App.2004), *reh'g denied, trans. denied*. An abuse of this discretion may be found in the denial of a motion for continuance when the moving party has shown good cause for granting the motion. *Id.* However, if the moving party fails to demonstrate that he or she was prejudiced by the denial, no abuse of discretion will be found. *Id.*

◼ Moreover, the trial court has broad discretion in ruling on issues of discovery, and we will reverse the trial court only when that discretion has been abused.

*Pfaffenberger*, 785 N.E.2d at 1183. Due to the fact-sensitive nature of discovery issues, a trial court's ruling is cloaked with a strong presumption of correctness. *Hill v. Fitzpatrick*, 827 N.E.2d 138, 141 (Ind.Ct. App.2005). Here, the discovery issue focused on Ind. Trial Rule 26(E) that provides, in pertinent part:

A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to:

 (a) the identity and location of persons having knowledge of discoverable matters, and

 (b) the identity of each person expected to be called as an expert witness at trial, the subject-matter on which he is expected to testify, and the substance of his testimony.

In the present case, the automobile collision occurred in October 2002. Yvonne sought treatment for her injuries, including treatment from Dr. Scott Gerstenkorn, a chiropractor. Dr. Gerstenkorn treated Yvonne from November 17, 2002 to October 7, 2003, when she was released from his care. In January 2004, the Marlows filed their complaint against Hlinko. The parties conducted discovery, including interrogatories served upon Yvonne by Hlinko. In Yvonne's responses to the interrogatories, she listed Dr. Gerstenkorn as an expert witness that would testify at trial on her behalf. In addition, she indicated that any opinion reached by him could be found in his medical records. In December 2004, a status conference was held, at which time the discovery cut-off date was

set for November 6, 2005, and the trial of this cause was set for April 6, 2006.

On March 10, 2006, Dr. Gerstenkorn performed a re-evaluation of Yvonne. Dr. Gerstenkorn's notes from that visit state that Yvonne had regressed. Dr. Gerstenkorn faxed these office notes to Yvonne's counsel on March 21, 2006. On March 27, Yvonne's counsel then faxed the notes to Hlinko's counsel. On the morning of the first day of trial, Hlinko's counsel filed a motion to continue trial or in the alternative to bar testimony and exhibits. The motion requested the court to grant a continuance based upon Hlinko's allegation that Yvonne had not properly supplemented her responses to discovery with regard to her chiropractor's testimony and records pursuant to Ind. Trial Rule 26(E)(1). In the alternative, Hlinko's counsel requested the trial court to bar from admission at trial the testimony and records of Yvonne's chiropractor regarding Yvonne's March 10 examination. The trial court denied Hlinko's motion, and the trial was held. The jury returned its verdict in favor of Yvonne, and Hlinko filed her motion to correct error based upon the same allegations she raised in her motion to continue.

In her motions to continue and to correct error, Hlinko argued that until she received the office notes dated March 10, 2006, she did not know Yvonne was claiming to be permanently injured and was requiring ongoing treatment. Due to the fact that the discovery deadline had passed and that the date for trial was near, Hlinko asserts that Yvonne did not properly supplement her discovery responses and therefore these records and related testimony from Yvonne's chiropractor should not have been admitted into evidence, absent a continuance.

 Ind. Trial Rule 26(E) requires supplementation of discovery responses af-ter the initial response. *Everage v. Northern Indiana Public Service Co.*, 825 N.E.2d 941, 951 (Ind.Ct.App.2005). The duty to supplement is absolute and is not predicated upon a court order. *Id.* If a party fails to fulfill its duty under Trial Rule 26(E), the trial court can, in its discretion, exclude the testimony of the witness. *Id.*

In the instant case, the duty to supplement imposed upon litigants by T.R. 26(E) was not breached. Yvonne was seen by Dr. Gerstenkorn on March 10 and received the chiropractor's notes on March 21. Yvonne's counsel then provided the information to Hlinko's counsel on March 27. Yvonne's counsel forwarded the documents without delay. The situation would have been a much different one had Yvonne been seen by her doctor, her counsel received the doctor's notes, and then a long delay occurred before the notes were forwarded to opposing counsel. However, that is not the case here.

Intertwined with Hlinko's argument that Yvonne breached her duty to supplement her discovery responses is Hlinko's claim that, prior to receiving Dr. Gerstenkorn's notes from his March 10 re-evaluation of Yvonne, she was not aware that the issues at trial included the permanency of Yvonne's injuries, her need for continuing treatment, and her future medical costs. She contends that it was Yvonne's failure to supplement her discovery responses that caused her to be unaware of the presence of these issues. Having determined that Yvonne did not breach her duty to supplement pursuant to T.R. 26(E)(1), we turn to Hlinko's awareness of the nature of Yvonne's injuries and her need for future treatment.

 In denying Hlinko's motion to correct error, the trial court found, and we agree, that Hlinko was, or should have

been, aware of these issues. For example, the Marlows' complaint alleged that Yvonne received injuries, "some of which [were] permanent and [would] not heal." ¶ 7 of Complaint, Appellant's App. at 16. The Marlows further claimed in their complaint that Yvonne would continue to incur health care expenses for her injuries. Appellant's App. at 16. Additionally, in response to interrogatories asking about trial witnesses and expert witnesses, Yvonne responded that she would be calling her treating physicians as witnesses. Response to Interrogatories 8 and 10, Appellant's App. at 28. In response to another interrogatory, Yvonne responded that Dr. Gerstenkorn would be one of the doctors testifying at trial regarding "any permanency of [her] injuries." Response to Interrogatory 5, Appellant's App. at 38. Thus, Yvonne clearly responded that she intended to call Dr. Gerstenkorn to testify at trial regarding her injuries and their permanency. She also provided an authorization for Hlinko to obtain her medical records and bills related to the accident, *see* Response to Interrogatory 14, Appellant's App. at 29, and was deposed by Hlinko's counsel. Yvonne testified at her deposition that Dr. Gerstenkorn had not advised her that her injury was permanent. However, we recognize, as should counsel, that this does not lead to a definitive conclusion that there is no permanent injury. It simply means that if there is permanent injury, the doctor has not reported that fact to the patient. This information (i.e., the presence of a permanent injury) could have been garnered at a deposition of the doctor; however, Hlinko did not depose Dr. Gerstenkorn. Therefore, we agree with the trial court's summary of the situation: Yvonne went to the doctor, told Hlinko who her doctor was, and gave Hlinko her medical records. She went back for a re-evaluation, obtained the doctor's notes from the re-evaluation, and promptly gave them to Hlinko. Yvonne

did everything she was required to do and did not breach her duty to supplement her discovery responses. On the other hand, although Hlinko could have deposed Dr. Gerstenkorn, she did not. Therefore, we find Hlinko's claims of "sandbagging" to be unpersuasive. Given that Hlinko was, or should have been, aware of the issues of the case, we cannot conclude that the trial court abused its discretion by denying Hlinko's motion to continue and motion to correct error.

Finally, Hlinko makes a very brief argument that her due process rights were violated by the court's denial of her motion to continue. However, because Hlinko presented this argument for the first time on appeal, she has waived appellate review of the issue. *See Nance v. Miami Sand & Gravel, LLC,* 825 N.E.2d 826, 834 (Ind.Ct. App.2005), *trans. denied,* 841 N.E.2d 180 (holding that party waives appellate review of issue not presented to trial court). Further, even if Hlinko had included her due process argument in her motion to correct error, the issue would have been waived. *See Troxel v. Troxel,* 737 N.E.2d 745, 752 (Ind.2000), *reh'g denied* (determining that, although party raised due process claim in motion to correct error, issue was waived because party may not raise issue for first time in motion to correct error or on appeal).

Based upon the foregoing discussion and authorities, we conclude that the trial court neither abused its discretion when it denied Hlinko's motion to continue nor when it denied Hlinko's motion to correct error. Additionally, Hlinko failed to timely raise her due process argument.

Affirmed.

DARDEN, J., and VAIDIK, J., concur.