

**FILED**
Dec 04 2012, 8:59 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**ERIC C. McNAMAR**
**BERNIE W. KELLER**
Keller Macaluso LLC
Carmel, Indiana

ATTORNEY FOR APPELLEES:

**KEVIN C. TANKERSLEY**
Winamac, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LANE ALAN SCHRADER TRUST as | ) | |
| Trustee under the Trust Agreement dated | ) | |
| 16th day of November, 1999, and known as | ) | |
| LANE ALAN SCHRADER SELF- | ) | |
| DECLARATION OF TRUST, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  75A04-1112-PL-676 |
| | ) | |
| LARRY GILBERT and | ) | |
| NANCY J. MALECKI, | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Patrick B. Blankenship, Special Judge
Cause No. 75C01-0905-PL-17

**December 4, 2012**

**OPINION GRANTING REHEARING – FOR PUBLICATION**

**BAKER, Judge**

In the instant case, appellant-defendant Lane Alan Schrader as Trustee for the Lane Alan Schrader Self-Declaration Trust (the Trust) appealed a trial court's determination that a legal survey was defective and its imposition of two previous surveys to determine the correct boundary lines of the Trust property. This Court concluded that the while the trial court's conclusion that the legal survey was defective was not clearly erroneous, the trial court had erred by imposing the two previous surveys. We determined that under the applicable statute, there were three options from which a trial court could choose, including rejecting the legal survey and ordering the county surveyor to mark the boundary lines based upon the evidence that the trial court had before it, including previous surveys. Slip op. at 16

Now the Trust petitions for rehearing, arguing that, in essence, this Court instructed the trial court that it could do what we said was erroneous, namely, impose the two previous surveys. Because it is apparent that our opinion has not been understood, we grant the Trust's petition for rehearing to reiterate what we previously stated.

Under Indiana Code section 36-2-12-14, the trial court has three options:

(1) It may accept the original survey;

(2) It may reject the original survey, and it is permitted to order that a new survey be performed by a different surveyor from the surveyor who performed the original survey;

(3) It may reject the original survey and order the county surveyor to locate and mark the boundary lines with durable markers in the proper places according to the trial court's findings based upon evidence presented to it, including previous surveys.

2

Slip op. at 16. Thus, the trial court could order the county surveyor to mark new boundary lines based on the evidence presented to it, which may include previous surveys.

Applied to the instant case, if the trial court chose option three and believed that the Turning Point and Progressive Surveys were correct, then it should have ordered the county surveyor to mark the boundary lines accordingly. This is not unfairly imposing these surveys, inasmuch as they were part of the evidence presented to the trial court. Likewise, in choosing option three, the trial court's decision would be appealable.

Petition for rehearing granted for the purpose of clarification. Otherwise, we stand by our previous opinion.

ROBB, C.J., and BRADFORD, J., concur.