**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 25 2013, 6:07 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DANIEL M. SULKOSKE**
Brownsburg, Indiana

ATTORNEY FOR APPELLEE:

**MAUREEN T. OWEN**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANIEL M. SULKOSKE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1212-SC-573 |
| | ) | |
| STATEWIDE CREDIT ASSOCIATION, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-1202-SC-514

**June 25, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Daniel M. Sulkoske (Sulkoske), appeals the trial court's judgment in favor of the Appellee-Plaintiff, Statewide Credit Association, Inc. (Statewide).

We affirm.

ISSUES

Sulkoske raises two issues on appeal, which we restate as follows:

(1)  Whether the trial court properly granted a motion for continuance; and

(2) Whether Statewide met its burden of proof regarding the calculation of the debts owed.

FACTS AND PROCEDURAL HISTORY

On February 1, 2012, Statewide filed a notice of claim against Sulkoske for medical services rendered to Sulkoske and his minor children by Hendricks Regional Health Affiliates and Dermatology Associates.  On March 26, 2012, Sulkoske filed a request for a continuance, which the trial court granted, rescheduling the cause for May 7, 2012.  The trial court requested Sulkoske to meet with the representative of Statewide to see if they could reach a pre-trial settlement.  On May 7, 2012, the day of the scheduled bench trial, Sulkoske met with a Statewide representative to discuss the case.  The Statewide representative identified herself as an attorney and informed Sulkoske that any part of their discussion could be used at trial.  Sulkoske disclosed to the attorney that

Statewide did not adequately provide him with enough information to determine whether its claim was valid. Sulkoske verified to the Statewide representative that he was contesting their claim. The parties were unable to reach a resolution during this meeting. The Chronological Case Summary (CCS) entry for May 7, 2012 states:

> **Bench Trial** (1:00 PM) (Judicial Officer: [ ])
> *03/26/2012     Continued to 05/07/2012 – By Request – SULKOSKE, DANIEL*
> *Commenced and concluded*

(Def. Exh. D). There is no indication from the CCS which party requested the continuance of the bench trial on May 7, 2012.

On May 21, 2012, Statewide filed a motion for continuance to reschedule the bench trial that was set for August 20, 2012. On September 17, 2012, during the rescheduled bench trial, evidence was heard and exhibits were entered, listing the amounts owed by Sulkoske to the medical providers. On September 19, 2012, the trial court awarded judgment to Statewide in the amount of $1,151.50 plus court costs of $90. On November 2, 2012, Sulkoske filed a Minute Sheet concurrently with exhibits which the court construed as a Motion to Correct Error. On November 21, 2012, Statewide filed its response to Sulkoske's Motion to Correct Error. On November 26, 2012, the trial court denied Sulkoske's Motion.

Sulkoske now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Motion to Continue*

Sulkoske contends that he was not afforded due process because Statewide made a "unilateral decision to continue the case" at the hearing on May 7, 2012. (Appellant's Br. p. 5). The decision to grant or deny a motion for continuance lies within the sound discretion of the trial court. *Hlinko v Marlow*, 864 N.E.2d 351, 353 (Ind. Ct. App. 2007). The trial court has broad discretion is granting or denying a motion for continuance. *Id*.

Here, the CCS is unclear as to who moved for the continuance on May 7, 2012. The trial court could have continued the cause *sua sponte*, and the CCS does not reflect whether Statewide moved for a continuance on May 7, 2012. Since the court has broad discretion in granting or denying a continuance, and Sulkoske does not provide us with any evidence of abuse, we conclude that the trial court properly continued the cause.

## II. *Calculation Errors*

Sulkoske also contends that Statewide did not meet its burden of proof regarding the "calculation" of the debt, and alleges that there are significant "mathematical errors" in the amount owed by Sulkoske for medical services rendered. (Appellant's Br. p. 5). The Indiana Rules of Appellate Procedure require that a party "provide a cogent argument with adequate citation." *See* Ind. Appellate Rule 46(B). This allows the opposing party to appropriately respond, and prevents the appellate court from becoming an advocate when it is forced to search the entire record for evidence in support of overly broad statements." *Lane Alan Schrader Trust v. Gilbert*, 974 N.E.2d 516, 521 (Ind. Ct. App. 2012), *clarified on reh'g*, 978 N.E.2d 519 (Ind. Ct. App. 2012).

4

Sulkoske does not indicate what specific payments he is disputing and why he is disputing them. Although he provides the billing statements along with circling or highlighting the numbers that he does not agree with, this is insufficient for us to determine that the billing statements are inaccurate and contain significant mathematical errors. Further, Sulkoske does not provide any citations to the record, relevant case law or statutes to support his claims, or any evidence to support mathematical errors in the billing statements. *See* Ind. Appellate Rule 46(A)(8). In short, we cannot say that the trial court erred in granting a monetary judgment in favor of Statewide.

CONCLUSION

Based on the foregoing, we conclude that the trial court properly awarded judgment to Statewide.

Affirmed.

.BRADFORD, J. and BROWN, J. concur