The **BOARD OF TRUSTEES OF the PUBLIC EMPLOYEES' RETIREMENT FUND OF INDIANA (Defendant Below) and Linley E. Pearson, Attorney General of Indiana (Non–Party Below), Appellants,**

v.

**Bernard P. MORLEY (Plaintiff Below), Appellee.**

No. 41A04–9007–CV–334.

Court of Appeals of Indiana, Fourth District.

Nov. 6, 1991.

As Corrected Nov. 12, 1991.

Arthur P. Kalleres, Michael A. Wukmer, Ice Miller Donadio & Ryan, Indianapolis, for appellants.

Robert W. McNevin, Steven Frank, Indianapolis, Tom G. Jones, Franklin, for appellee.

MILLER, Judge.

Bernard P. Morley, a state employee, was a participant in the State retirement fund administered by the Board of Trustees of the Public Employees' Retirement Fund of Indiana (PERF). Morley was given the option of 1) receiving a guaranteed rate on his retirement account or 2) having his account *invested* in an alternative investment plan. The potential return on the alternative investment plan was much greater, but the risk was also greater because the account was not guaranteed. Morley opted for the guaranteed rate. Later, he brought suit against PERF, claiming that, because funds—including his—were used by the PERF Board to generate high yields (alternative 2), he and others similarly situated should get more than the guaranteed percentage credited to their accounts.

Before trial, Morley sought discovery of all communications between PERF and its legal advisor, the Indiana Attorney General, about the legalities of PERF's handling of certain funds.[1] He also requested that PERF answer an interrogatory which asked whether PERF or any of its agents had sought legal advice from the Attorney General about its handling of a certain fund. PERF and the Attorney General refused. Morley's motions to compel discovery were granted. PERF and the Attorney General bring this interlocutory appeal claiming the trial court erred because their communications are protected by the attorney-client privilege.

We agree and reverse.

## DECISION

■ We begin by noting that the trial court has broad discretion in ruling on discovery matters and will only be reversed upon a showing of abuse of discretion. *De-Moss Rexall Drugs v. Dobson* (1989), Ind. App., 540 N.E.2d 655. An abuse of discretion "occurs when the trial court reaches a conclusion against the logic and natural inferences to be drawn from the facts of the case." *Id.* at 656.

■ The scope of discovery extends to any matter "not privileged." Ind.Trial Rule 26(B)(1). Material which is included within the attorney-client privilege is therefore not subject to discovery. *Colman v. Heidenreich* (1978), 269 Ind. 419, 381 N.E.2d 866. In *Colman,* our supreme court explained the privilege as follows:

"In sum the rule is 'that when an attorney is consulted on business within the scope of his profession, the communications on the subject between him and his client should be treated as strictly confidential.' As long as the communication is within this scope, it is of no moment to the privilege's application that there is no pendency or expectation of litigation. Neither is it of any moment that no fee has been paid. Rather what is essential to the privilege is a 'confidential relation of client and attorney.' Within such a

confidential relation, the privilege applies to all communications made to an attorney for the purpose of professional advice or aid, upon the subject of the client's rights or liabilities."

*Id.* at 423, 381 N.E.2d at 869.

■ The attorney-client privilege is also codified in Indiana. Ind.Code 34–1–14–5 provides that attorneys are not competent witnesses "as to confidential communications made to them in the course of their professional business, and as to advice given in such cases." IC 34–1–60–4 provides that "[i]t shall be the duty of an attorney ... [t]o maintain inviolate the confidence, and, at every peril to himself, preserve the secrets of his client." Since IC 5–10.3–4–3 designates the Attorney General as the legal advisor to PERF, an attorney-client relationship existed between them. Accordingly, the attorney-client privilege also protects communications between the Attorney General and PERF, the agency he counsels. *See Indiana State Highway Com'n v. Morris* (1988), Ind., 528 N.E.2d 468 (Shepard, C.J., concurring). Chief Justice Shepard, in his concurring opinion stated:

"The relationship of attorney and client clearly applies to the Attorney General and the state agencies he represents, and the attorney-client privilege should protect communications exchanged in that relationship."

*Id.* at 474. The federal courts have also recognized the existence of an attorney-client privilege between government attorneys and the agencies which they advise. *See, e.g. Green v. I.R.S.* (N.D.Ind.1982), 556 F.Supp. 79 *aff'd,* (7th cir.1984), 734 F.2d 18.

■ Morley claims that, because PERF is a trustee, the members, as beneficiaries, have an attorney-client relationship with the Attorney General and, therefore, the members can waive the privilege. Morley does not provide (nor could we find) any authority to support this position. Contrary to Morley's contentions, IC 5–10.3–4–3 provides that the attorney-client relation-

---

1. Obviously, the discoverability of published official Attorney General Opinions is not at issue because such opinions are already in the hands of the public.

ship is between PERF and the Attorney General—not between the Attorney General and the individual members of PERF. *Id.* Morley cannot waive PERF's privilege. Accordingly, communications between the two regarding PERF's liability for handling of its investment funds is privileged and Morley should not be able to obtain the documents or answers to its interrogatories. *See Colman, supra.*

■ Morley next claims that these records are available to him or any member of the public under IC 5–14–3–3 because they are public records. We disagree. IC 5–14–3–4 states the exceptions to disclosure of public records as follows:

> Sec. 4. (a) The following public records are excepted from section 3 of this chapter and may not be disclosed by a public agency, *unless* access to the record is specifically required by state or federal statute *or is ordered by a court under the rules of discovery:*
>
> (1) Those declared confidential by statute
>
> * * * *
>
> (8) Those declared confidential by or under rules adopted by the supreme court of Indiana.

(Emphasis added).

The communications sought are communications between a client (PERF) and its attorney (the Attorney General) discussing potential legal problems concerning the way in which PERF was carrying out its duties. These fall within exceptions to disclosure under the public records statute because they are protected by the attorney client privilege which makes them confidential under statute and supreme court rule. *See* IC 34–1–14–5; IC 34–1–60–4; Prof. Cond.R. 1.6(a).

■ Morley argues, and we agree, that the exceptions do not apply if discovery is ordered by a court. IC 5–14–3–4. The plain meaning of the phrase "ordered by a court under the rules of discovery" indicates that the court order must comply with the rules of discovery in order to make the exceptions inapplicable. The rules of discovery allow discovery of mat-

ters which are not privileged. T.R. 26(B)(1). Here, the communications fall under the attorney-client privilege and are not matters discoverable under T.R. 26(B)(1). Therefore, the exceptions, to the public records statute, enumerated under IC 5–14–3–4 apply and the trial court should not have compelled discovery.

For the foregoing reasons, we reverse.

RATLIFF, C.J., and CHEZEM, J., concur.