INDIANA DEPARTMENT OF CORREC-
TION, and Indiana State Prison, Ap-
pellants (Defendants Below),

v.

Terry HULEN, Appellee
(Plaintiff Below).

No. 46S03–9112–SC–984.

Supreme Court of Indiana.

Dec. 12, 1991.

Linley E. Pearson, Atty. Gen., Michael A. Schoening, Deputy Atty. Gen., Indianapolis, for appellants.

Terry Hulen, pro se.

SHEPARD, Chief Justice.

Need a State agency waive the client-attorney privilege it has with the Attorney General in order to prevail on a motion to dismiss a tort action? We hold that it need not.

Appellee Terry Hulen brought a small claims action against the Department of Correction and the Indiana State Prison to recover damages for items of personal property which he says were lost or stolen while in their possession. The trial court rendered judgment for Hulen.

On appeal, the Court of Appeals affirmed the judgment, except for the entry of costs against the State. *Indiana Department of Correction v. Hulen,* (1990), Ind.App., 563 N.E.2d 678. In doing so, it held that the trial court had properly denied the State's motion to dismiss. Because the Court of Appeals erroneously decided a new question of law, we grant transfer.

This case poses a narrow question generated by our decision in *Indiana State Highway Comm. v. Morris* (1988), Ind., 528 N.E.2d 468. In that case, the State had moved to dismiss a tort suit on grounds that the plaintiff had not served copies of his claim on the state agency and the Attorney General as required by the Indiana Tort Claims Act, Ind.Code § 34–4–16.5–6 (West 1983). The record indicated that the claimant had served the State Highway Commission but not the Attorney General. An employee of the Highway Commission revealed during a deposition, however, that he had received a copy of the notice and transmitted it to the Attorney General. This disclosure demonstrated that the Attorney General had in fact received timely notice, and we held that the Indiana Tort Claims Act had been substantially complied with, citing *Galbreath v. City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225.

The record here reflects a similar situation with respect to notice of Hulen's claim. He served a copy on the Department of Correction but not on the Attorney General. A claimant's failure to provide the notices required by the Indiana Tort Claims Act entitles the State to a dismissal. *Geyer v. City of Logansport* (1977), 267

Ind. 334, 370 N.E.2d 333. The State has not waived the client-attorney privilege between the Department and the Attorney General as it did in *Morris*. Thus, the trial court should have granted the State's motion to dismiss.

We reverse the judgment of the trial court and remand with instructions to grant the State's motion to dismiss.

GIVAN, DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., dissents without opinion.