STATE of Indiana and Indiana Department of Highways, Appellants–Defendants Below,

v.

Francis J. HOGAN, Rebecca L. Hogan, Francis Hogan II, and Francis J. Hogan, Administrator of the Estate of Patrick J. Hogan, Deceased. Appellees–Plaintiffs Below.

No. 29A02–9010–CV–635.[1]

Court of Appeals of Indiana, Third District.

March 23, 1992.

See also 582 N.E.2d 824.

**1.** This case was diverted to this office by order of the Chief Judge.

Linley E. Pearson, Atty. Gen., G. Richard Potter, Indianapolis, for appellants-defendants.

Richard S. Ewing, William J. Hamilton, William N. Ivers, Stewart & Irwin, Indianapolis, for appellees-plaintiffs.

STATON, Judge.

The State of Indiana and the Indiana Department of Highways ("State") appeal an order compelling the production of documents in a wrongful death action. Pursuant to Ind. Appellate Rule 4(B)(6), we accept the interlocutory appeal to address the issue of whether the trial court erroneously ordered the Indiana Attorney General to produce privileged documents.

We remand for an evidentiary hearing on the State's motion for a protective order.

On December 21, 1984, Francis Hogan, Rebecca Hogan, Patrick Hogan and Francis Hogan, II were involved in a motor vehicle collision on Interstate 70 in Hancock County. Patrick was killed and Francis was rendered a paraplegic; the other family members sustained serious injuries.

The surviving Hogans filed a wrongful death and personal injury claim against the State. The State moved to dismiss, contending that the Hogans had not complied with the notice provisions of the Indiana Tort Claims Act, IND.CODE 34–4–16.5–6.[2]

On July 23, 1990, the Hogans filed a Motion to Compel which sought the production of documents allegedly showing that the State had antecedent knowledge of unsafe surface conditions of I–70. The State resisted on grounds that the documents within the possession of the Attorney General were work product or within the attorney/client privilege. The trial court ordered production of the documents and certified its order for interlocutory appeal.

The State argues that the trial court abused its discretion by compelling the production of:

(g) Any and all files relating to the tort claims notice filed by and on behalf of the Plaintiffs, Francis J. Hogan, Rebecca L. Hogan, Francis Hogan, II and Francis J. Hogan, Administrator of the Estate of Patrick William Hogan, Deceased, and dated February 5, 1986, and/or the motor vehicle accident of December 21, 1984 involving said individuals.

(h) All documents received or generated by the Indiana Attorney General's Office on accidents and/or tort claims notices received for motor vehicle accidents occurring between January 1, 1984 and September 19, 1985 on I–70.

(i) All documents from any agency or department of the State of Indiana including, but not limited to, the Indiana Department of Highways and the Indiana Attorney General's office relating to the following:

1. Motor vehicle accidents occurring between January 1, 1984 and September 19, 1985 on I–70;

2. The need for, desirability of, feasibility, etc., of repair, replacement, resurfacing, warning, redesigning or other modifications of I–70;

3. The decision to repair, replace, resurface, warn, redesign or otherwise modify I–70; and

4. The decision to make public the decision to repair, replace, resurface, warn, redesign or otherwise modify I–70.

Record, p. 161.

■ A trial court's ruling on the scope of discovery is governed by Ind.Trial Rule 26(B)(1) which provides in pertinent part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." The trial court has broad discretion in ruling upon discovery matters and we will interfere with rulings only upon a showing of abuse of discretion. *Beird v. Figg & Muller Engineers, Inc.* (1987), Ind.App., 516 N.E.2d 1114, 1122, *reh. denied.*

■ The State, in its motion for a protective order, objected to disclosure by claiming an attorney/client and a work product privilege: "the information requested seeks discovery of the Attorney General's files, which information, whether it exists or not, would have been the product of attorney-client confidential communication, or [w]as the product of attorney work product, which is privileged and not discoverable." Record, p. 180. The attorney/client privilege protects from discovery "communications made to an attorney for the purpose of professional advice or aid." *Colman v. Heidenreich* (1978), 269 Ind. 419, 381 N.E.2d 866, 869. The work product privilege protects those documents or tangible things prepared in anticipation of litigation or for trial by or for a party or by or for a party's representative. Ind. Trial Rule 26(B)(3). The burden is on the party seeking protection to demonstrate that documents are protected from discovery. *Richey v. Chappell* (1991), Ind.App., 572 N.E.2d 1338, 1340, *reh. denied.*

■ The State's appellate argument focuses upon the existence of an attorney/client relationship between the Attor-

---

**2.** The State contends that the Hogans were required to file a notice within 180 days of their accident. The Hogans claim that they timely filed a tort claims notice within 180 days after the State publicly disclosed the defective condition of I–70. The Motion to Dismiss is pending.

ney General and client state agencies. This attorney/client relationship was specifically recognized by our supreme court in the recent case of *Indiana Dept. of Corrections v. Hulen* (1991), Ind., 582 N.E.2d 380, 381. *See also: Bd. of Tr. of Pub. Emp. Ret. F. v. Morley* (1991), Ind. App., 580 N.E.2d 371; *Indiana State Highway Com'n v. Morris* (1988), Ind., 528 N.E.2d 468 (Chief Justice Shepard concurring). The Hogans do not dispute the existence of the asserted attorney/client relationship between the Attorney General and state agencies.

 However, the State may not circumvent discovery by a mere assertion that all of the documents are privileged because the Attorney General acts as attorney for the Indiana Department of Highways. Blanket claims of privilege are disfavored. A party seeking to avoid discovery has the burden of establishing the essential elements of the privilege being invoked. *Petersen v. U.S. Reduction Co.* (1989), Ind. App., 547 N.E.2d 860, 862. A claim of privilege must be made on a question-by-question or document-by-document basis. *Id.* Absent an articulation of specific reasons why the documents sought are privileged, the information is discoverable. Otherwise, the whole discovery process is frustrated and vital information may be "swept under the rug."

The State contends that the documents within the Attorney General's possession are necessarily privileged because the Attorney General has the duty to defend all suits that may be instituted against the State of Indiana. A similar claim was recently presented by an insurer who argued that all statements prepared by its adjuster were prepared in anticipation of litigation because the insurer had a duty to defend its insured. *Schierenberg v. Howell–Baldwin* (1991), Ind.App., 571 N.E.2d 335. This court distinguished documents prepared in the regular course of business (although litigation may have been a prospect) from those documents prepared or obtained because the probability of litigation was imminent and substantial. *Id.* at 338. The State is advised of an imminent claim against it when a potential litigant files a tort claims notice.

Documents compiled by a State agency, e.g., the Indiana Department of Highways, (and not exempted by statute) are matters of public record. Our legislature has expressed a public policy that "all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." I.C. 5–14–3–1; *Indiana Dept. of Transp. v. Overton* (1990), Ind.App., 555 N.E.2d 510, 511. The Access to Public Records chapter of the Anti–Secrecy Act is to be liberally construed and the burden of proof for the nondisclosure of a public record has been specifically placed on the nondisclosing agency. I.C. 5–14–3–1.

 A client state agency may not defeat the production of evidence by merely forwarding a pre-existing document to the Attorney General in anticipation of litigation. *Morris, supra,* at 475. However, a communication from a client agency to the Attorney General *discussing potential legal problems* is an exception to disclosure under the public records statute. *Morley, supra,* at 374 (emphasis added). Moreover, documents prepared in anticipation of imminent litigation, i.e., those documents compiled after the filing of notice under the Tort Claims Act, are "work product."

 We do not find that the trial court abused its discretion by finding the State's blanket claim of privilege insufficient to preclude discovery. However, we note that the Hogans' request for production discloses a "shotgun" approach to discovery (encompassing entire files and "all" documents whether "received or generated") rather than specific requests for particular documents. Neither an evidentiary hearing or *in camera* inspection which might shed light upon the privileged nature of any of the documents in controversy has been conducted. Therefore, we remand for an evidentiary hearing on the discoverability of particular documents, in accordance with the following guidelines.

Documents generated by the Attorney General's office after receipt of the Hogans' tort claims notice ("work product") will be discoverable only upon a showing that the Hogans have a substantial need therefor and are unable to obtain the substantial equivalent of the materials without undue hardship. T.R. 26(B)(3). The existence and content of the Hogans' tort claims notice are not privileged. *Morris, supra,* at 475. In accordance with the ruling precedent of *Hulen, supra,* an attorney/client relationship exists between the Attorney General and client state agencies. Therefore, communications from a state agency to the Attorney General which seek legal advice must be considered privileged.

Remanded with instructions to conduct an evidentiary hearing consistent with the foregoing opinion.

HOFFMAN and RUCKER, JJ., concur.