Rusty R. SKINNER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 55A01–0811–CR–543.

Court of Appeals of Indiana.

Jan. 28, 2010.

Rehearing Denied April 6, 2010.

William Van Der Pol, Jr., Martinsville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Henry A. Flores, Jr., Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

In this interlocutory appeal, Appellant–Defendant Rusty R. Skinner appeals the trial court's denial of his motion to compel disclosure of information obtained in the course of an attorney-client relationship. We affirm.

### Issue

Skinner presents one issue on appeal: whether the trial court erred in denying his motion to compel disclosure of information.

## Facts and Procedural History

On February 26, 2007, Skinner was charged with Attempted Murder,[1] Robbery, as a Class A felony,[2] Carjacking, a Class B felony,[3] and Operating a Vehicle While Intoxicated, as a Class A misdemeanor[4] for allegedly repeatedly stabbing Jeffrey Crouch in the face and neck with a knife, taking property from Crouch by use or threat of use of force, taking a vehicle from Crouch by use or threat of use of force, and operating a vehicle with an alcohol concentration equivalent of at least 0.15 grams of alcohol per 100 milliliters of blood. The State also alleged that Skinner is a Habitual Offender.[5]

Before trial, the State added Jason Wingler, an inmate at the Morgan County Jail, as a witness and expected Wingler to testify that Skinner made statements to him while in jail that would be contrary to Skinner's self-defense claim. As a result, Skinner's counsel filed a Verified Motion to Withdraw / Alternative Motion to Exclude Witness because he had learned of information materially adverse to Wingler in his prior representation of Wingler. The trial court granted the motion to withdraw and appointed new counsel for Skinner.

Skinner, through new counsel, filed a Memorandum in Support of Request to Compel Exculpatory Evidence from Counsel of State's Witness. Skinner sought to compel his prior counsel to provide the alleged evidence that would impeach Wingler's credibility. After an *in camera* hearing with the prior counsel, the trial court denied Skinner's request finding that no exception to the attorney-client privilege applied and Wingler had not waived

the privilege. This interlocutory appeal ensued.

## Discussion and Decision

■ Contrary to the State's characterization of the issue as one of admissibility of evidence, the issue pertains to discovery of information. The scope of discovery is governed by Indiana Trial Rule 26(B)(1), which provides in pertinent part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." A trial court has broad discretion in ruling upon discovery matters and will only be overturned upon a showing of abuse of discretion. *State v. Hogan*, 588 N.E.2d 560, 562 (Ind.Ct.App.1992), *trans. denied.*

■ Skinner contends that the trial court abused its discretion in denying his request to compel evidence from his prior defense counsel that would ostensibly impeach the expected testimony of a State witness. Specifically, he asserts that his right to seek exculpatory evidence trumps the attorney-client privilege held by Wingler.

■ The determination of whether information sought in a criminal case is properly discoverable involves the consideration of the following factors:

(1) There must be a sufficient designation of items sought (particularity); (2) items requested must be material to the defense (relevance); and (3) if the particularity and materiality requirements are met, the trial court must grant the request unless there is a showing of "paramount interest" in non-disclosure.

---

1. Ind.Code §§ 35–42–1–1 and 35–41–5–1.

2. Ind.Code § 35–42–5–1.

3. Ind.Code § 35–42–5–2.

4. Ind.Code § 9–30–5–1.

5. Ind.Code § 35–50–2–8.

*Moore v. State,* 839 N.E.2d 178, 182 (Ind. Ct.App.2005) (quoting *In re WTHR–TV,* 693 N.E.2d 1, 6 (Ind.1998)), *trans. denied.* "Ultimately these factors [i.e., particularity, relevance, and paramount interest in non-disclosure] involve a balancing test that includes evaluation of the relevance of the material, its availability from other sources, the burden of compliance measured in terms of difficulty, and the nature and importance of any interests invaded." *In re WTHR–TV,* 693 N.E.2d 1, 7–8 (Ind. 1998).

Here, the paramount interest in non-disclosure is the attorney-client privilege as the information sought is that which the prior defense counsel acquired during his representation of Wingler. The prior defense counsel noted in his motion to withdraw that the "learned information . . . would be materially adverse to Wingler should he be called as a witness." Appendix at 19. Further coloring the type of information held, the motion also noted that "[a]n attorney has been disciplined, for example, where he attempted to impeach the credibility of a witness by using confidential client information . . ., precisely what would be happening here should Wingler testify." App. at 20.

■■■■ "The attorney-client privilege protects against judicially compelled disclosure of confidential information." *Lahr v. State,* 731 N.E.2d 479, 482 (Ind.Ct.App. 2000).

> The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

*Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (quotations and citations omitted). The Indiana Supreme Court has noted that the "policy justifying the privilege is to encourage full and open disclosure of even very dangerous information." *Glover v. State,* 836 N.E.2d 414, 420 (Ind.2005). Indiana has codified the privilege providing that, except as otherwise provided by statute, attorneys shall not be required to testify regarding "confidential communications made to them during the course of their professional business." Ind.Code § 34–46–3–1(1).

The Indiana Rules of Professional Conduct provide exceptions to the attorney-client privilege:

> A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
>
> (1) to prevent reasonably certain death or substantial bodily harm;
>
> (2) to prevent the client from committing a crime or from committing fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
>
> (3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
>
> (4) to secure legal advice about the lawyer's compliance with these Rules;
>
> (5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to

establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

(6) to comply with other law or a court order.

Ind. Professional Conduct Rule 1.6(b).

As found by the trial court judge, the information sought does not fall within any of these exceptions. Furthermore, while the information may be relevant and material to impeach Wingler, Skinner has access to other information that would be available for this purpose. First, Wingler has a criminal record including crimes of dishonesty. Second, Wingler made it quite clear, even in a letter to the judge assigned to Skinner's case, that in exchange for his testimony he is "asking for a guaranteed sentence modification" for two of his current criminal sentences. App. at 111.

Based on the relevance of the material, its availability from other sources, and the nature and importance of any interests invaded, we conclude that the information sought is not discoverable due to the protection provided by the attorney-client privilege. Therefore, the trial court did not abuse its discretion in denying Skinner's request to compel discovery of the information.

Affirmed.

BAKER, C.J., and ROBB, J., concur.