## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2016, 7:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marvin Beville,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 29, 2016

Court of Appeals Case No.
84A01-1507-CR-890

Appeal from the Vigo Superior Court

The Honorable Michael J. Lewis, Judge

Trial Court Cause No.
84D06-1411-F6-2855

**Mathias, Judge.**

[1] Marvin Beville ("Beville")[1] was charged with Class A misdemeanor dealing in marijuana and Level 6 felony maintaining a common nuisance in Vigo Superior Court. Beville brings this interlocutory appeal and argues that the trial court erred when it denied his motion to compel the State to provide him with a copy of the video recording of the alleged controlled drug transaction.

[2] We affirm.

**Facts and Procedural History**

[3] On December 5, 2014, the State charged Beville with Class A misdemeanor dealing in marijuana and Level 6 felony maintaining a common nuisance. Importantly, the charges alleged that Beville delivered marijuana to a confidential informant ("CI") on October 23, 2014. The State obtained a video recording of the transaction between Beville and the CI. Beville sent a letter to the prosecutor requesting a copy of the video recording and listing two possible names of the CI, but neither name correctly identified the informant in this case.

[4] At the initial hearing, the trial court ordered discovery pursuant to Local Rule 6. Local Rule 6 provides in relevant part:

> In all criminal cases, the Court has entered the following General Order concerning pre-trial discovery:

---

[1] The trial court documents identify Defendant as Marvin Beville and Marvin Belville interchangeably.

(B) (1) The State shall perform these obligations in any manner mutually agreeable to the Prosecutor's Office and to defense counsel. The State shall provide legible copies of existing written statements described in paragraphs (A)(1), (2), (3), and (7). Other items shall be provided for examination, testing, copying, photographing, or other proper use either by agreement or at specified reasonable times and places. Defense counsel shall provide reasonable notice of such examination and shall schedule these examinations in cooperation with the State. An application to the Court shall be made to obtain copies of audio or video tape. Said application shall state in specific terms the necessity for such copies.

\*\*\*

(G) (1) The Court may deny disclosure upon showing that:

> (b) There is a paramount interest in non-disclosure of an informant[']s identity and a failure to disclose will not infringe the Constitutional rights of the accused. Disclosure of the identity of witnesses to be produced at a hearing or trial will be required.

Appellant's App. pp. 13, 13(a), 14.

The State filed its notice of compliance with discovery on January 5, 2015, which provides in pertinent part: "All audio or video recordings are maintained by the Office of the Vigo County Prosecutor and are available for review by contacting the deputy prosecutor to schedule a mutually agreeable time." Appellant's App. p. 18. Although the State allowed defense counsel to review the video recording at the prosecutor's office, it would not allow defense counsel to obtain a copy to review with Beville.

Beville filed a motion to compel discovery of the video recording of the alleged controlled buy on April 28, 2015. A hearing was held on May 6, 2015, and the trial court took the matter under advisement. On the same day, Beville filed an application to obtain copies of audio and video pursuant to Local Rule 6 (B)(1). On May 13, 2015, the trial court denied Beville's motion to compel and concluded that the State was not required to provide Beville with the audio/video of the alleged controlled buy or any other documents identifying the CI. Appellant's App. p. 60. Beville now appeals.

## Standard of Review

A trial court has broad discretion in ruling upon discovery matters and will only be overturned upon a showing of abuse of discretion. *Skinner v. State*, 920 N.E.2d 263, 265 (Ind. Ct. App. 2010) (citing *State v. Hogan*, 588 N.E.2d 560, 562 (Ind. Ct. App. 1992)), *trans. denied*. An abuse of discretion occurs when the trial court reaches a conclusion that is against the logic and natural inferences to be drawn from the facts of the case. *Corll v. Edward D. Jones & Co.*, 646 N.E.2d 721, 723 (Ind. Ct. App. 1995). "Due to the fact-sensitive nature of discovery issues, a trial court's ruling is cloaked with a strong presumption of correctness." *Hlinko v. Marlow*, 864 N.E.2d 351, 353 (Ind. Ct. App. 2007), *trans. denied*.

## Discussion and Decision

Beville argues that the trial court erred in denying his request to obtain a copy of the video recording of the alleged controlled buy. He specifically contends

that the video is both relevant to the defense and necessary to ensure a fair trial, and as such, the trial court should have granted Beville's motion to compel. The State argues that the CI's identity will be revealed if Beville is permitted to review the video.

[9] The Indiana Rules of Trial Procedure generally apply to criminal proceedings in the absence of a conflicting criminal rule. Ind. Crim. Rule 21. Indiana Trial Rule 26(B)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party.

When it comes to a defendant's discovery request in a criminal case, the following test has been applied to determine whether the information is discoverable: (1) there must be a sufficient designation of the items sought to be discovered (particularity); (2) the items requested must be material to the defense (relevance); and (3) if the particularity and materiality requirements are met, the trial court must grant the request unless there is a showing of "paramount interest" in non-disclosure. *Lewis v. State*, 726 N.E.2d 836, 843 (Ind. Ct. App. 2000) (citing *In Re WTHR-TV v. Cline*, 693 N.E.2d 1, 6 (Ind. 1998)).

"The general policy is to prevent disclosure of an informant's identity unless the defendant can demonstrate that disclosure is relevant and helpful to his defense or is necessary at trial." *Mays v. State*, 907 N.E.2d 128, 131 (Ind. Ct. App. 2009) (quoting *Schlomer v. State*, 580 N.E.2d 950, 954 (Ind. 1991)). Because the State has the privilege to withhold the identity of an informant, the burden is upon the defendant seeking disclosure to demonstrate exception to the privilege that the informant remain anonymous. *Beverly v. State*, 543 N.E.2d 1111, 1114 (Ind. 1989). "[B]are speculation that the information may possibly prove useful" is not enough to justify the disclosure of a confidential informant's identity, and an informant's identity shall not be disclosed "to permit 'a mere fishing expedition.'" *Mays*, 907 N.E.2d at 131 (citations omitted).

"The trial [court] must then make [a] decision by balancing the public interest in encouraging a free flow of information to the authorities with the defendant's interest in obtaining disclosure to prepare his defense." *Furman v. State*, 496 N.E.2d 811, 814 (Ind. Ct. App. 1986) (quoting *Roviaro v. United States*, 353 U.S. 53, 62 (1957)).

Beville specifically requested a copy of the video recording of the alleged controlled buy and explained at the hearing his belief that the State intended to introduce the video as its main piece of evidence at trial. Beville also emphasized his need to obtain a copy of the video so an expert could determine its authenticity for purposes of his defense. Arguably, Beville met the particularity and materiality prongs of the test related to the video recording.

However, we hold that Beville failed to overcome his burden that an exception to the privilege should apply.

[13] Local Rule 6 (G)(1)(b) provides that a court may deny disclosure upon showing that "[t]here is a paramount interest in non-disclosure of an informant's identity and a failure to disclose will not infringe the Constitutional rights of the accused." Although Beville argues that his purpose is to review the video to develop a defense at trial, after watching the video he will learn the identity of the CI. Beville does not know the identity of the CI. The trial court determined that the State showed a "paramount interest" in protecting the CI's identity to prevent retaliation and ensure that individuals come forward with information to assist law enforcement. *See Lewis*, 726 N.E.2d at 843; *Furman*, 496 N.E.2d at 814. We cannot say that the trial court's conclusion is against the logic and natural inferences to be drawn from the facts of this case.

[14] Further, and very importantly, the State provided Beville's defense counsel an opportunity to review the video of the alleged controlled buy at the prosecutor's office. Although the State restricted Beville from being present at the time of review, his defense counsel may sufficiently prepare for trial and develop defenses without disclosing the CI's identity to Beville. An expert would also have an opportunity to review the video recording to determine whether it is authentic under this arrangement by making an appointment. Both the public interest of encouraging a free flow of information to the authorities and Beville's interest to prepare his defense are served here.

We conclude that the trial court properly denied Beville's motion to compel the State to provide a copy of the video recording of the alleged controlled drug transaction.

Affirmed.

Kirsch, J., concurs.

Brown, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marvin Beville,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | Court of Appeals Case No.<br>84A01-1507-CR-890 |

**Brown, Judge, dissenting.**

I respectfully dissent from the majority opinion that the trial court properly denied Beville's motion to compel the State to provide a copy of the video recording of the alleged controlled drug transaction.

In *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623 (1957), the Court discussed the government's privilege in withholding the disclosure of a confidential informant. The Court held:

> A . . . limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

353 U.S. at 60-61, 77 S. Ct. at 628 (footnotes omitted). The Court further held:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 77 S. Ct. at 628-629.

[19] The majority finds, as argued by the State, that "after watching the video [Beville] will learn the identity of the CI." Slip op. at 7. However, other than the State's mere assertion, the record does not support such a conclusion. The record does not reveal that the trial court examined the video and made such a finding, and the record on appeal does not contain a copy of the video.

[20] Beville's motion to compel requested that the State comply with the discovery request that includes "any video of alleged hand to hand buy with the confidential informant." Appellant's Appendix at 38. His request to obtain copies of audio and video alleged that the State indicated that video and/or audio of a hand to hand buy with the CI exists and that it intends to use the video and/or audio at a jury trial. Appellant's Appendix at 41. The CI was apparently a participant in the alleged controlled buy, and I could not say that the CI played merely a tangential role, or that the video of the buy is not highly material. Further, I would not find that the opportunity for Beville's counsel to

review the video recording is a sufficient substitute for an opportunity for Beville to examine the recording and assist in the preparation of his defense.

[21] Local Rule 6(G)(1) states that "[t]he Court may deny disclosure upon showing that . . . [t]here is a paramount interest in non-disclosure of an informant[']s identity and a failure to disclose will not infringe the Constitutional rights of the accused." Appellant's Appendix at 14. In its objection, the State asserted generally that the disclosure "would only serve to make the CI the target for reprisal from those upset by the investigation." *Id.* at 48. However, the State does not point to specific facts or the record in support of its assertion, and there is no allegation that Beville or his associates are violent. The State does not assert that any police officer witnessed the alleged buy, that others will testify as to the alleged buy, or that the CI was not the sole material witness. Under the circumstances, I cannot say that there is a paramount interest in non-disclosure of the CI's identity and that a failure to disclose will not infringe the Constitutional rights of the accused. *See Roviaro*, 353 U.S. at 63-65, 77 S. Ct. at 629-630 (observing that the informant's possible testimony was highly relevant and might have been helpful to the defense, the defendant's opportunity to cross-examine the law enforcement agents was "hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction," the informant had helped to set up the criminal occurrence and had played a prominent part in it, and concluding that "[t]he desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide,"

and concluding that trial court committed prejudicial error in permitting the government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure); *see also Commonwealth v. Dias*, 451 Mass. 463, 470, 886 N.E.2d 713, 719 (2008) (holding that a pretrial disclosure order of an informant's identity was necessary for a fair presentation of the case at trial because the informant's information and observations were relevant and helpful to the defense); *Wilson v. State*, 8 Md. App. 653, 669, 262 A.2d 91, 100 (1970) (holding that an informant's testimony "might have thrown doubt in the identity of the articles exchanged between him" and the defendant, "[t]he desirability of calling the [informant] as a witness, or at least interviewing him in preparation for trial, was a matter for [the defendant] rather than the State to decide," and that, under the circumstances, "the privilege of nondisclosure must yield and that the trial court abused its discretion in refusing to compel disclosure demanded by [the defendant]"), *cert. denied*, 258 Md. 731 (1970).

[22] For the foregoing reasons, I would reverse the trial court's denial of Beville's motion to compel.