MATHIAS, Judge.
[1] Marvin Beville (“Beville”)[1] was charged with Class A misdemeanor dealing in marijuana and Level 6 felony maintaining a common nuisance in Vigo, Superior Court. Beville brings this interlocutory appeal and argues that the trial court erred when it denied his motion to compel the State to provide him with a copy of the video recording of the alleged controlled drug transaction.
[2] We affirm.
Facts and Procedural History
[3] On December 5, 2014, the State charged Beville with Class A misdemeanor dealing in marijuana and Level 6 felony maintaining a common nuisance. Importantly, the charges alleged that Beville delivered marijuana to a confidential informant (“Cl”) on October 23, 2014. The State obtained a video recording of the transaction between Beville and the Cl. Beville sent a letter to the prosecutor requesting a copy of the video recording and listing two possible names of the Cl, but neither name correctly identified the informant in this case.
[4] At the initial hearing, the trial court ordered discovery pursuant to Local Rule 6. Local Rule 6 provides in relevant part:
In all criminal cases, the Court has entered the following General Order concerning pre-trial discovery:
(B)(1) The State shall perform these obligations in any manner mutually agreeable to the Prosecutor’s Office and to defense counsel. The State shall provide legible copies of existing written statements described in paragraphs (A)(1), (2), (3), and (7). Other items shall be provided for examination, testing, copying, photographing, or other proper use either by agreement or at specified reasonable times and places. Defense counsel shall provide reasonable notice of such examination and shall schedule these examinations in cooperation with the State. An application to the Court shall be made to obtain copies of audio or video tape. Said application shall state in specific terms the necessity for such copies.
[[Image here]]
(G)(1) The Court may deny disclosure upon showing that:
(b) There is a paramount interest in non-disclosure of an informant[’]s identity and a failure to disclose will not infringe the Constitutional rights of the accused. Disclosure of the identity of witnesses to be produced at a hearing or trial will be required.
Appellant’s App. pp. 13,13(a), 14.
[5] The State filed its notice of compliance with discovery on January 5, 2015, which provides in pertinent part: “All audio or video recordings are maintained by the Office of the Vigo County Prosecutor and are available for review by contacting *1284 the deputy prosecutor to schedule a mutually agreeable time.” Appellant’s App. p. 18. Although the State allowed defense counsel to review the video recording at the prosecutor’s office, it would not allow defense counsel to obtain a copy to review with Beville.
[6] Beville filed a motion to compel discovery of the video recording of the alleged controlled buy on April 28, 2015. A hearing was held on May 6, 2015, and the trial court took the matter under advisement. On the same day, Beville filed an application to obtain copies of audio and video pursuant to Local Rule 6(B)(1). On May 13, 2015, the trial court denied Seville’s motion to compel and concluded that the State was not required to provide Be-ville with the audio/video of the alleged controlled buy or any other documents identifying the Cl. Appellant’s App. p. 60. Beville now appeals.
Standard of Review
[7] A trial court has broad discretion in ruling upon discovery matters and will only be overturned upon a showing of abuse of discretion. Skinner v. State, 920 N.E.2d 263, 265 (Ind.Ct.App.2010) (citing State v. Hogan, 588 N.E.2d 560, 562 (Ind.Ct.App.1992)), trans. denied. An abuse of discretion occurs when the trial court reaches a conclusion that is against the logic and natural inferences to be drawn from the facts of the case. Corll v. Edward D. Jones & Co., 646 N.E.2d 721, 723 (Ind.Ct.App.1995). “Due to the fact-sensitive nature of discovery issues, a trial court’s ruling is cloaked with a strong presumption of correctness.” Hlinko v. Marlow, 864 N.E.2d 351, 353 (Ind.Ct.App.2007), trans. denied.
Discussion and Decision
[8] Beville argues that the trial ' court erred in denying his request to obtain a copy of the video recording of the alleged controlled buy. He specifically contends that the video is both relevant to the defense and necessary to ensure a fair trial, and as such, the trial court should have granted Beville’s motion to compel. The State argues that the Cl’s identity will be revealed if Beville is permitted to review the video.
[9] The Indiana Rules of Trial Procedure generally apply to criminal proceedings in the absence of a conflicting criminal rule. Ind.Crim. Rule 21. Indiana Trial Rule 26(B)(1) provides:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party.
When it comes to a defendant’s discovery request in a criminal case, the following test has been applied to determine whether the information is discoverable: (1) there must be a sufficient designation of the items sought to be discovered (particularity); (2) the items requested'must be material to the defense (relevance); and (3) if the particularity and materiality requirements are met, the trial court must grant the request unless there is a showing of “paramount interest” in non-disclosure. Lewis v. State, 726 N.E.2d 836, 843 (Ind.Ct.App.2000) (citing In Re WTHR-TV v. Cline, 693 N.E.2d 1, 6 (Ind.1998)).
[10] “The general policy is to • prevent disclosure of an informant’s identity unless the defendant can demonstrate that disclosure is relevant and helpful to his defense or is necessary at trial.” Mays v. State, 907 N.E.2d 128, 131 (Ind.Ct.App.2009) (quoting Schlomer v. State, 580 N.E.2d 950, 954 (Ind.1991)). Because the State has the privilege to withhold the identity of an informant, the burden is upon the defendant seeking disclosure to demonstrate exception to the privilege that *1285 the informant remain anonymous. Beverly v. State, 543 N.E.2d 1111, 1114 (Ind.1989). “[B]are speculation that the information may possibly prove useful” is not enough to justify the disclosure of a confidential informant’s identity, and an informant’s identity shall not be disclosed “to permit ‘a mere fishing expedition.’ ” Mays, 907 N.E.2d at 131 (citations omitted).
[11] “The trial [court] must then make [a] decision by balancing the public interest in encouraging a free flow of information to the authorities with the defendant’s interest in obtaining disclosure to prepare his defense.” Furman v. State, 496 N.E.2d 811, 814 (Ind.Ct.App.1986) (quoting Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).
[12] Beville specifically requested a copy of the video recording of the alleged controlled buy and explained at the hearing his belief that the State intended to introduce the video as its main piece of evidence at trial. Beville also emphasized his need to obtain a copy of the video so an expert could determine its authenticity for purposes of his defense. Arguably, Beville met the particularity and materiality prongs of the test related to the video recording. However, we hold that Beville failed to overcome his burden that an exception to the privilege should apply.
[13] Local Rule 6(G)(1)(b) provides that a court may deny disclosure upon showing that “[t]here is a paramount interest in non-disclosure of an informant’s identity and a failure to disclose will not infringe the Constitutional rights of the accused.” Although Beville argues that his purpose is to review the video to develop a defense at trial, after watching the video he will learn the identity of the CL Beville does not know the identity of the Cl. The trial court determined that the State showed a “paramount interest” in protecting the Cl’s identity to prevent retaliation and ensure that individuals come forward with information to assist law enforcement. See Lewis, 726 N.E.2d at 843; Furman, 496 N.E.2d at 814. We cannot say that the trial court’s conclusion is against the logic and natural inferences to be drawn from the facts of this case.
[14] Further, and very importantly, the State provided Beville’s defense counsel an opportunity to review the video of the alleged controlled buy at the prosecutor’s office. Although the State restricted Be-ville from being present at the time of review, his defense counsel may sufficiently prepare for trial and develop defenses without disclosing the Cl’s identity to Be-ville. An expert would also have an opportunity to review the video recording to determine whether ft is authentic under this arrangement by making an appointment. Both the public interest of encouraging a free flow of information to the authorities and Beville’s interest to prepare his defense are served here.
[15] We conclude that the trial court properly denied Beville’s motion to compel the State to provide a copy of the video recording of the alleged controlled drug transaction.
[16] Affirmed.
KIRSCH, J., concurs.
BROWN, J., dissents with opinion.

. The trial court documents identify Defendant as Marvin Beville and Marvin Belville interchangeably.