## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 24 2016, 10:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Darnail Lyles<br>Gary, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Frances Barrow<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Katrina Morgan,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Lake County Juvenile Center, Lake Superior Court, Juvenile Division and Juvenile Division Judge,<br><br>*Appellees-Defendants* | August 24, 2016<br><br>Court of Appeals Case No. 37A03-1603-CT-693<br><br>Appeal from the Jasper Superior Court<br><br>The Honorable James R. Ahler, Judge<br><br>Trial Court Cause No. 37D01-1308-CT-621 |

**Baker, Judge.**

Katrina Morgan appeals the grant of summary judgment by the trial court in favor of the Lake County Superior Court, Juvenile Division (the Juvenile Court), and the Judge of that Court (the Judge). She argues that the tort claim notice she served on other defendants constituted substantial compliance with the notice requirements of the Indiana Tort Claims Act.[1] Finding that Morgan did not timely notify the Juvenile Court or the Judge, we affirm.

# Facts

In November 2008, fourteen-year-old D.M. was residing in the Lake County Juvenile Detention Center (the Detention Center). On November 16, 2008, D.M. was in the facility's gym when he suddenly became unresponsive. Within the hour, he passed away.

On May 12, 2009, Katrina Morgan's counsel served a tort claim notice on the Detention Center, the Lake County Board of Commissioners (the Board), and the Indiana Political Subdivision Risk Management Commission. Morgan never served any notice to Indiana's Office of Attorney General (Attorney General). The May 12 notice, however, was brought to the Attorney General's attention, and the office responded to Morgan on June 10, 2009: "Based on the information provided, it does not appear that the State of Indiana has any

---

[1] Ind. Code § 34-13-3-1, *et seq.*

connection with this case. Unless you have some theory that would include the State of Indiana as a party, this claim will be filed with no further action." Appellant's App. p. 221. On December 9, 2009, Morgan filed a complaint for wrongful death against the Detention Center and the Board.

[4] Nearly four years after she sent out her tort claim notice, on March 12, 2013, Morgan filed a motion to join the Judge as a defendant. The trial court granted the motion and granted Morgan leave to file an amended complaint. Her amended complaint also added the Juvenile Court as a defendant.

[5] On March 6, 2015, the Juvenile Court and the Judge (collectively, the New Defendants) moved to file an amended answer, adding the affirmative defense of lack of tort claim notice. After this motion was granted and the answer amended, the New Defendants moved for summary judgment. After a hearing, the trial court granted the New Defendants' motion for summary judgment. It explained:

> In this case it is undisputed that on May 12, 2009, Morgan directed a tort claim notice (the "Notice") to the Lake County Juvenile Center, the Lake County Board of Commissioners, and the Indiana Political Subdivision Risk Management Commission. The Court finds that, as a matter of law, the Notice is not sufficient under the ITCA to put the Lake Superior Court, Juvenile Division and the Juvenile Division Judge on timely notice of her claim.

Appellant's App. p. 315-16.  Morgan now appeals.[2]

## Discussion and Decision

When reviewing a trial court's ruling on summary judgment, we stand in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse.  *Kramer v. Focus Realty Group, LLC*, 51 N.E.3d 1240, 1243 (Ind. Ct. App. 2016).  Therefore, we look to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law.  Ind. Trial Rule 56 (C).

Under the Indiana Tort Claims Act (ITCA), a claim for monetary damages against the state is barred unless notice is filed with the Attorney General or the state agency involved within 270 days after the loss.  Ind. Code § 34-13-3-6. The notice must describe in a short and plain statement the facts on which the claim is based.  I.C. § 34-13-3-10.  A claimant's failure to provide the notice required by the ITCA entitles the state to a dismissal.  *Ind. Dep't of Corr. v. Hulen*, 582 N.E.2d 380, 380-81 (Ind. 1991).

Morgan claims that she substantially complied with the ITCA notice requirements.  As the claimant, she bears the burden of establishing substantial compliance.  *Chang v. Purdue Univ.*, 985 N.E.2d 35, 52 (Ind. Ct. App. 2013).  In determining whether substantial compliance is established, we look to the

---

[2] Morgan's claims against the other defendants are still ongoing.

purpose of the notice requirements, which is "to inform state officials with reasonable certainty of the accident or incident and surrounding circumstances and to advise of the injured party's intent to assert a tort claim so that the state may investigate, determine its possible liability, and prepare a defense to the claim." *Id.* Whether a party has substantially complied with the notice requirement of the ITCA is a question of law. *Id.*

[9] Morgan argues that the New Defendants had notice of her claim on May 12, 2009, when she served the Detention Center, because the Detention Center was established by the Juvenile Court and operated under the Judge. She also points to the Attorney General's letter of June 10, 2009; she argues that this proves that the Attorney General knew of her claim within the prescribed 270 days, and that she therefore substantially complied with the ITCA notice requirements.

[10] We disagree. While the Attorney General was aware of Morgan's tort claim notice, it was unaware that Morgan intended to seek recovery from a state entity. As our caselaw makes clear, the ITCA notice requirements are intended to notify governmental entities that litigation is imminent so that they may prepare a defense. Although Morgan timely notified several county-level entities that litigation was imminent, the Juvenile Court and the Judge have gone nearly four years without the opportunity to prepare any defense because they were never notified that they were being sued.

[11]   We would like to commend the Attorney General for the June 10, 2009, letter, which informed Morgan that she had not served notice on any state entities. Although it was not required to do so, the Attorney General went out of the way to enable Morgan to properly notify the state in case she planned to sue a state entity. When Morgan received the letter, she still had two more months to send a timely notice indicating her intent to sue the state. Instead, she waited nearly four years to add the New Defendants.

[12]   While we are hesitant to deny a claimant's day in court based on minor and harmless technical violations of the ITCA, *e.g., Galbreath v. City of Indianapolis*, 253 Ind. 472, 255 N.E.2d 225 (1970), we do not believe that Morgan has fallen into a trap for the unwary. She knew that the state did not believe that it was a possible defendant in her lawsuit, and she had ample time to file a tort claim notice to that effect, but she chose not to. Therefore, her claims against the New Defendants are barred, and the trial court did not err by entering summary judgment in their favor. Her claims against the properly-notified defendants may continue.

[13]   The judgment of the trial court is affirmed and remanded for further proceedings with regard to the remaining defendants.

Vaidik, C.J., and Najam, J., concur.