FILED

Mar 08 2019, 6:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANTS

Edward W. Hearn
Johnson & Bell, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

David W. Westland
Carolyn A. Thiess
Westland & Bennett, PC
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ameristar Casino East Chicago,
LLC, Ameristar East Chicago
Holdings, LLC, and Pinnacle
Entertainment, Inc.,

*Appellants-Defendants,*

v.

Joseph Ferrantelli, Sr.,

*Appellee-Plaintiff*

March 8, 2019

Court of Appeals Case No.
18A-CT-1174

Interlocutory Appeal from the
Lake Superior Court

The Honorable Bruce D. Parent,
Judge

Trial Court Cause No.
45D04-1610-CT-189

**Crone, Judge.**

## Statement of the Case

This case illustrates the dangers of noncompliance with our liberal and self-effectuating discovery process. Ameristar Casino East Chicago, LLC, Ameristar East Chicago Holdings, LLC, and Pinnacle Entertainment, Inc. (collectively "Ameristar"), bring this interlocutory appeal from the trial court's denial of a motion to set aside a default judgment entered against Ameristar and in favor of Joseph Ferrantelli, Sr., on Ferrantelli's negligence claim against Ameristar. A default judgment on Ameristar's liability was entered by the trial court as a sanction based on the court's finding that Ameristar engaged in a continuous, ongoing, and purposeful lack of cooperation with the discovery process. On appeal, Ameristar contends that the trial court abused its discretion both in issuing the default judgment and in declining to set it aside. Finding no abuse of discretion, we affirm and remand for further proceedings.

## Facts and Procedural History

On March 8, 2016, eighty-six-year-old Ferrantelli was injured when he fell while getting on an escalator with a wheelchair at the Ameristar Casino in East Chicago.[1] On October 16, 2016, Ferrantelli filed his complaint against

---

[1] In his deposition, Ferrantelli explained that he and a "lady friend" of his went to the casino because they had heard about a "crab leg deal" and they wanted "to gamble a little bit." Appellants' App. Vol. 2 at 100. When they arrived, Ferrantelli's friend requested a wheelchair, and Ferrantelli was instructed by "one of the attendants at a booth" to take the escalator down to the first level to retrieve the wheelchair. *Id.* at 103. Ferrantelli took the escalator down, and a casino employee gave him the wheelchair. That employee then "pointed toward the escalator" and said, "Take the escalator." *Id.* at 104. As Ferrantelli was putting the wheelchair on the escalator to go back up, "it caught the front wheels and flipped [him] backwards, and [he] landed flat on [his] back." *Id.* at 105.

Ameristar claiming that Ameristar "failed to properly advise him" and "failed to clearly mark the elevators, among other things." Appellants' App. Vol. 2 at 22-23. Ameristar filed its answer denying the allegations in the complaint, and asserting affirmative defenses including comparative fault and assumption of risk.

[3] In November 2016, Ferrantelli sent written discovery requests to Ameristar requesting, among other things: (1) all statements made by Ferrantelli and obtained by Ameristar; (2) every written statement and document obtained from any person having personal knowledge of the accident; and (3) the identity of each Ameristar employee or agent, or other person with knowledge of the accident. In response, Ameristar produced one incident report and identified only four individuals with knowledge of the accident. Ameristar indicated that it was not in possession of any statement made by Ferrantelli.

[4] On May 4, 2017, Ferrantelli sent Ameristar a written request for deposition dates for the four identified individuals as well as Ameristar's Trial Rule 30(B)(6) representative.[2] Ameristar did not respond. On May 10, counsel for both parties discussed by telephone the request for deposition dates; however, dates were not provided by Ameristar. On May 24, Ferrantelli again sent a written request for deposition dates and received no response from Ameristar. Between July 6 and July 31, 2017, numerous additional oral and email requests

---

[2] Indiana Trial Rule 30(B)(6) provides in relevant part that a party may "name as the deponent an organization," and "[t]he organization so named shall designate one or more officers, directors, or managing agents, executive officers, or other persons duly authorized and consenting to testify on its behalf."

were made by Ferrantelli to obtain deposition dates. Ameristar did not respond other than to provide the identity of its 30(B)(6) representative.[3] On August 7, 2017, Ferrantelli sent a third written request for deposition dates. Ferrantelli advised Ameristar that he would be filing a motion to compel if Ameristar failed to set deposition dates within ten days. Ameristar did not respond.

[5] Almost one month later, on September 5, 2017, Ferrantelli filed a motion to compel discovery that included a request for attorney's fees. Ameristar did not file a response to the motion. Discovery closed on September 28, 2017. The trial court held a hearing on the motion to compel on December 13, 2017. Ferrantelli's counsel explained and produced documentation to the trial court regarding his countless attempts over a protracted period to get depositions scheduled to no avail. He argued that Ameristar was purposely evading and delaying discovery (specifically the depositions) due to Ferrantelli's advanced age, and that the continued delay could ultimately result in Ferrantelli being unable to see the case go to trial. Ameristar's counsel "[k]ind of apologized" but essentially "gave no reason for [Ameristar's] failure to cooperate." Tr. Vol. 2. at 37. Following the hearing, the court reopened and "straightened the discovery problems, received promises [from Ameristar] of future compliance with the discovery process, set the matter for a compliance hearing, and held open the attorney fee request pending cooperation moving forward."

---

[3] Counsel for Ameristar originally designated Edward Spearman as the 30(B)(6) representative. However, rather than getting a deposition date scheduled for Spearman, counsel later claimed to still be in the process of deciding who would best serve as the 30(B)(6) representative.

Appellants' App. Vol. 2. at 66.   The trial court ordered Ameristar to provide deposition dates by January 1, 2018, noting that it appeared that the case "has been sandbagged with an older Plaintiff." Tr. Vol. 2 at 8.  The court warned Ameristar's counsel that the court expected Ameristar to be "extremely cooperative here" and also twice declared, "This Judge hates discovery fights." *Id*. at 9, 10.

[6]     Ameristar did comply, at least in part, with the court's order, and the depositions of four of the five requested witnesses were completed on January 16, 2018.  However, during those depositions, Ferrantelli's counsel learned the identities of several witnesses not previously disclosed by Ameristar, and it was further revealed that Ameristar was in possession of multiple documents, as well as recorded statements, that were responsive to Ferrantelli's earlier discovery requests but never produced.  As a result of the information obtained during the depositions, on January 26, 2018, Ferrantelli sent correspondence to Ameristar requesting the additional discovery.  Ameristar did not respond. Accordingly, Ferrantelli filed a second motion to compel and request for sanctions on February 16, 2018.   Ferrantelli argued that Ameristar continued to "purposefully hindering the progression of this case" with its "abuse of the discovery process, and continuous failure to comply with [Ferrantelli's] discovery requests, as well as instructions given by [the trial court.]" Appellants' App. Vol. 2 at 61.  Accordingly, Ferrantelli requested, among other things, entry of an order striking Ameristar's answer to the complaint and an

order entering a default judgment in favor of Ferrantelli. Ameristar filed no response to the motion to compel.

[7] On March 6, 2018, the trial court entered its order on Ferrantelli's second motion to compel and for sanctions. Specifically, the court noted that Ameristar had filed no response to Ferrantelli's allegations of "withholding of discovery, the purposeful creation of the passage of time between reporting and disclosure to again 'slow play' the discovery process, and a refusal to follow-up these late disclosures with reasonable information related to witnesses that have since left [Ameristar's] employment." *Id*. at 66. As such, the court found "a continuous, on-going, and purposeful lack of cooperation with the discovery process" by Ameristar, and ordered in relevant part:

1. [Ameristar's] answer of November 8, 2016 is hereby **STRICKEN**.

2. **DEFAULT JUDGMENT** is hereby entered against [Ameristar] in favor of FERRANTELLI.

3. The facts of this case are **ACCEPTED** as alleged in the complaint.

4. Attorney for FERRANTELLI shall file an Order within twenty-one days setting a coordinated status conference for the purpose of:
   A. setting a damages hearing; and
   B. setting a hearing on contempt/for attorney fees.

*Id.* at 67.  On March 8, 2018, Ameristar filed a Trial Rule 60(B)(8) motion to set aside default judgment and request for hearing.  Additionally, on March 9, 2018, Ameristar filed an amended motion to set aside and request for hearing.

[8]     The trial court held a hearing on Ameristar's motion to set aside on April 10, 2018.  Based upon the argument of counsel, and a review of all prior proceedings and correspondence, the trial court entered its order denying the motion to set aside.  Specifically, the trial court concluded that "there was an interference with discovery" by Ameristar that the court "just can't tolerate." Tr. Vol. 2. at 39.  Indeed, the court repeatedly noted that it had "never seen anything even close to this" as far as abuse of the discovery process. *Id.*[4]  The trial court explained that usually warnings, as were made by the court in granting the first motion to compel, cause the noncompliant party to "snap right to" without further issue, but unfortunately that "didn't happen" with Ameristar.  *Id.* at 40.  Accordingly, the trial court declined to set aside the default judgment and set the matter for a damages hearing.  The trial court certified its order for interlocutory appeal, and this Court accepted jurisdiction and stayed the trial court proceedings pending resolution of this appeal.

---

[4] Ameristar made numerous arguments and excuses for its dilatory behavior that the trial court did not find credible.  Specifically, regarding its failure to respond to the second motion to compel, counsel for Ameristar implied that it had its response ready to file, but that its response was due the same day the trial court issued its order entering a default judgment. Counsel argued, "It would make no sense for us to file a response once you entered the order."  Tr. Vol. 2 at 19.  The trial court did not believe that a response was planned or would have been forthcoming. The court stated, "I gotta be honest, but for my Order, I wouldn't have received anything. I truly believe that … I entered that order in the morning … [i]f [you] had a response sitting there ready, I would have got it that afternoon and I didn't. I don't think a response was ever going to be filed." *Id.* at 38-39.

# Discussion and Decision

[9] We begin by emphasizing that the decision whether to set aside a default judgment is given substantial deference on appeal. *Huntington Nat'l Bank v. Car–X Assoc. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015). Our appellate review is limited to determining whether the trial court abused its discretion. *Id.* An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.* Upon review, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Id.* In order to be granted relief pursuant to Indiana Trial Rule 60(B)(8) as Ameristar seeks here, the moving party must demonstrate some extraordinary or exceptional circumstances justifying equitable relief. *State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016).

[10] It is well settled that the purpose of the discovery rules is to allow for minimal trial court involvement and to promote liberal discovery. *Whitaker v. Becker*, 960 N.E.2d 111, 115 (Ind. 2012). "Although concealment and gamesmanship were [once] accepted as part and parcel of the adversarial process, we have unanimously declared that such tactics no longer have any place in our system of justice." *Id.* (citations and quotation marks omitted). "Today, the purpose of pretrial discovery is to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Id.* (citations and quotation marks omitted). When discovery breaks down or the trial court determines that the discovery process has been abused,

the court may, in its discretion, impose various sanctions including, but not limited to, an award of costs and attorney fees, exclusion of evidence obtained through misuse of the discovery process, or entry of dismissal or judgment by default. *Ross v. Bachkurinskiy*, 770 N.E.2d 389, 392 (Ind. Ct. App. 2002). The purpose of allowing a trial court to impose sanctions is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Whitaker*, 960 N.E.2d at 115 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Therefore, we vest trial courts with wide discretion in dealing with discovery matters and will reverse a trial court's decision regarding discovery only for an abuse of discretion. *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 648-49 (Ind. Ct. App. 2008).

[11] The sole limitation on the trial court in determining an appropriate discovery sanction is that the sanction must be just. *Id.* (citing *Bankmark of Fl., Inc. v. Star Fin. Card Servs., Inc.*, 679 N.E.2d 973, 978 (Ind. Ct. App. 1997)). In determining whether a sanction is just, we have recognized that,

> [a]lthough a default judgment plays an important role in the maintenance of an orderly, efficient judicial system as a weapon for enforcing compliance with the rules of procedure and for facilitating the speedy determination of litigation, in Indiana there is a marked judicial deference for deciding disputes on their merits and for giving parties their day in court, especially in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations.

*Charnas v. Estate of Loizos*, 822 N.E.2d 181, 185 (Ind. Ct. App. 2005). While an order granting a default judgment is the ultimate sanction a trial court may use, the court is not necessarily required to first issue a lesser sanction. *Prime Mortg.*, 855 N.E.2d at 649. Indeed, imposing intermediate sanctions is not obligatory when a party's behavior is particularly egregious. *Id.*

[12] Before arguing the merits of the default sanction imposed by the trial court, Ameristar points to several claimed procedural deficiencies regarding the trial court's consideration of Ferrantelli's second motion to compel. Namely, Ameristar contends that neither the motion to compel nor the trial court's grant thereof complied with certain applicable local court rules.[5] Our supreme court has noted that "Indiana trial courts may establish local rules for their own governance so long as the local rules do not conflict with the rules established by this Court or by statute." *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 646 (Ind. 2012) (citations omitted). "As a general matter, local rules are procedural and 'are intended to standardize the practice within that court, to facilitate the effective flow of information, and to enable the court to rule on the merits of the case.'" *Id.* (quoting *Meredith v. State*, 679 N.E.2d 1309, 1310 (Ind. 1997). "Once made, the court and all litigants subject to the local rules are bound by them." *Id.* However, a trial court should not blindly adhere to all of its rules because in "rare cases, such blind adherence to rigid procedural

---

[5] Specifically, Ameristar asserts noncompliance with Lake County Local Rule 45-TR26-8(C) regarding attorney conferences to resolve discovery disputes and Rule 45-TR7-4 addressing motions practice.

requirements may defeat justice instead of serving the rules' intended function as a means of obtaining the end of orderly and speedy justice." *Id*. That said, a trial court should not set aside its own rules lightly and, "before doing so, 'the court must assure itself that it is in the interests of justice to do so, that the substantive rights of the parties are not prejudiced, and that the rule is not a mandatory rule.'" *Id*. (quoting *Meredith*, 679 N.E.2d at 1311).

[13]   We chose not to belabor the specifics of the procedural deficiencies alleged by Ameristar, as we are confident upon review that, even assuming any technical noncompliance with certain procedural rules, Ameristar's substantive rights have ultimately not been prejudiced. The crux of Ameristar's claims of procedural noncompliance is that it was denied the opportunity to present to the trial court its arguments in opposition to Ferrantelli's second motion to compel. However, Ameristar was afforded a full opportunity to present those arguments to the trial court, and in fact did so, during the hearing on its motion to set aside. Accordingly, we conclude that any technical noncompliance with certain procedural rules was harmless in the instant case.

[14]   Turning to the merits of the default judgment entered here, Ameristar asserts that the entry of a default was an unwarranted sanction, and therefore the trial court abused its discretion both in issuing that sanction and in declining to set it aside upon Ameristar's motion. The record indicates that Ameristar failed to respond and/or was entirely uncooperative with regard to numerous discovery requests, over a protracted period of time, which caused the trial court to intervene and issue its first order to compel discovery. In entering that order,

the trial court held the issue of monetary sanctions under advisement and warned Ameristar that it expected full compliance and cooperation moving forward. Although Ameristar complied, for the most part, with that order, it was later revealed that Ameristar had withheld certain witness information, and further that many of Ameristar's prior discovery responses had been, in the trial court's opinion, intentionally incomplete and misleading. Our supreme court has specifically acknowledged that, under appropriate facts, a trial court may enter dismissal or default judgment if it determines that a party has responded to discovery but has done so in an incomplete or misleading way. *Whitaker*, 960 N.E.2d at 116. To make matters worse, when Ferrantelli again tried to obtain complete discovery, Ameristar continued to be noncooperative and unresponsive. Even a second motion to compel filed by Ferrantelli, which included a request for more severe sanctions, failed to get Ameristar's attention, in that it did not even garner a response.[6] Under the circumstances presented, the trial court determined that a default judgment was warranted based upon the "continuous, on-going, and purposeful lack of cooperation with the discovery process" by Ameristar. Appellants' App. at 67. Indeed, the court found Ameristar's behavior particularly egregious, repeatedly noting that it had "never seen anything even close to this." Tr. Vol. 2. at 39.

---

[6] As noted earlier, the trial court did not find credible Ameristar's assertion that it would have filed a response but for the trial court's "premature" ruling on the motion to compel. Appellant's Br. at 23. We will not reassess credibility on appeal.

[15] To be clear, the entry of a default judgment is the ultimate sanction. Still, we must be mindful that "[t]rial judges stand much closer than an appellate court to the currents of litigation pending before them, and they have a correspondingly better sense of which sanctions will adequately protect the litigants in any given case[.]" *Wright v. Miller*, 989 N.E.2d 324, 327 (Ind. 2013). It is not the place of this Court to substitute our judgment for that of the trial court, as we must presume the trial court acted in accord with what was fair and equitable in the specific case. *Id*. at 330. The trial court here made a detailed oral record explaining its frustration with Ameristar's behavior, as well as its prior warnings to counsel to stop what the court viewed as the intentional sandbagging of the case considering the plaintiff's advanced age. We conclude that the trial court did not abuse its discretion in determining that the sanction of default judgment was warranted. Moreover, the trial court was well within its discretion to reject Ameristar's equitable demands for the court to set aside the default judgment pursuant to Trial Rule 60(B)(8).[7] Therefore, we affirm the trial court's orders and remand for further proceedings on the issue of damages.

[16] Affirmed and remanded.

Vaidik, C.J., and Mathias, J., concur.

---

[7] We note that Ameristar's continued denial of and lack of contrition for its discovery abuses was not well taken by the trial court.