## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 19 2020, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan M. Gardner
Beers Mallers Backs & Salin, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Christian P. Skordos
Cynthia A. Hogan
The Law Office of Tracey L. Rosswurm
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re: The Matter of the Paternity of M.M.,

Mimory C. Steadman,

*Appellant-Petitioner,*

v.

Christopher J. Myers,

*Appellee-Respondent,*

November 19, 2020

Court of Appeals Case No. 20A-JP-120

Appeal from the Allen Circuit Court

The Honorable Thomas J. Felts, Judge

The Honorable Steven O. Godfrey, Magistrate

Trial Court Cause No. 02C01-1112-JP-822

**Robb, Judge.**

# Case Summary and Issue

[1] Mimory Steadman ("Mother") and Christopher Myers ("Father") shared joint legal custody of their minor child with Mother having physical custody and Father exercising parenting time. In 2018 and 2019, the parties filed numerous motions, including motions to modify custody and related matters. On several occasions prior to trial on the pending motions, the trial court ordered Mother to comply with discovery requests Father claimed were incomplete. The trial court also ordered the parties to exchange their exhibit and witness lists thirty days prior to trial and then file them with the court seven days prior to trial. Mother failed to supplement her discovery or timely file her exhibit and witness lists, and Father moved for discovery sanctions, namely the exclusion of Mother's witnesses and exhibits and the dismissal of her pending petitions. At trial, the trial court granted Father's motion. Ultimately, the trial court issued an order that in part awarded Father sole legal and physical custody of the parties' minor child. Mother now appeals and raises two issues for our review which we consolidate and restate as whether the trial court abused its discretion in imposing discovery sanctions on Mother. Because Mother failed to create an adequate record, we affirm.

# Facts and Procedural History

[2] Mother and Father are the biological parents of M.M. ("Child"), born October 7, 2010. In December 2012, the parties were awarded joint legal custody of Child with Mother having primary physical custody and Father exercising

parenting time. In 2018, the parties each filed numerous motions which are at issue in this case. Mother filed a Verified Information for Contempt of Court and Request for Attorney Fees (March 29); Petition to Modify Child Support and Request for Attorney Fees (June 22); Petition to Modify Parenting Time and Request for Attorney Fees (March 30); and a Motion for Contempt and Modification of Custody (October 22). Father filed a Petition to Modify Child Support (April 30) and a Petition to Modify Parenting Time (June 19). In October, Mother's attorney withdrew from the case and Mother began representing herself in the proceedings. Mother also alleged that Father physically abused her and obtained an order of protection against Father on November 8. A case management conference was held on November 28 during which the trial court ordered mediation.

[3]     At some point, Father sent Mother interrogatories and a request for the production of documents. On March 4, 2019, Father's counsel mailed a letter to Mother indicating that they were in receipt of Mother's discovery responses but alleging that twenty of the thirty-six responses to the interrogatories were deficient, including several to which Mother had responded, "you have that information." Exhibit Index, Volume 4 at 6. Father claimed the responses were insufficient and requested more responsive answers and copies of the requested documents.

[4]     At a March 20 pre-trial conference, Father informed the trial court that, in addition to the previously mentioned deficiencies, Mother failed to appear for their scheduled mediation and failed to sign the interrogatories. Mother

claimed she was unaware of the date of the mediation, had all documents on her computer, and answered every interrogatory. The trial court ordered Mother to comply with the outstanding discovery requests within thirty days, ordered the parties to reschedule and participate in mediation, continued the trial, and scheduled another pre-trial conference for June.

[5] In May, Father's counsel sent an e-mail to Mother reminding her that she had "failed to fully cooperate and complete the discovery we sent you previously." *Id.* at 5. Mother replied, "As for your questions, they were answered. They may not be what you want the answers to be, but they were answered." *Id.* Father's counsel again e-mailed Mother on June 10 stating that Mother had not yet complied with the discovery requests by answering the questions or providing copies of the requested documents.

[6] A second pre-trial conference was held on June 14. Father again reported that Mother had not complied with discovery and as a result, mediation had not occurred and would not occur in July as planned. Father stated that Mother clarified six of her twenty deficient responses but failed to amend the rest or provide the requested documents. Specifically, Father sought copies of Mother's paystubs, some of which Father obtained from her employer; tax returns; and school and work schedules. Father also asked for Mother's social security number via the interrogatories, which he intended to use for third-party discovery. Mother indicated that she sent her tax returns, was uncomfortable providing her social security number, and did not want to provide her school

schedule because an order of protection was in effect. The trial court issued an order requiring Mother to

> provide all information, including her income tax returns and due to a pending No Contact Order, the number of days she works and goes to school each week without specific dates, times and locations. [Mother] is [o]rdered to comply herself and not rely on information [Father] may have received from any third party. . . . Failure to comply with any aspect of this Order may subject the non-complying party to sanctions and/or dismissal of pending pleadings.

Appendix of Appellant, Volume II at 10. The trial court also ordered that mediation must take place prior to the next scheduled pre-trial conference.

[7] On August 29, the trial court held a third pre-trial conference. Once again, Father notified the trial court that of the thirty-six interrogatories sent to Mother, sixteen remained unanswered. Father moved to dismiss Mother's pleadings due to her lack of cooperation. The trial court asked Father's counsel to provide the propounded interrogatories, request for documentation, and all answers and documents received. The following day, the trial court issued its pre-trial conference order instructing the parties to exchange the names and addresses of all witnesses and copies of all exhibits at least thirty days prior to trial and to each file with the court a child support obligation worksheet and final witness and exhibit lists seven days prior to trial. The trial court ordered Mother to "provide complete answers to Interrogatories 1, 14, 21, 25, 31 and 35 . . . by September 10" and provide the answers to counsel and the court. *Id.* at 32. Thereafter, the trial court would rule on Father's motion to dismiss

Mother's pleadings. The order also stated that "[f]ailure to comply with any aspect of this [o]rder may result in the Court removing the case from the trial calendar and shall subject the non-complying party to sanctions. Failure to include a witness or exhibit on the submitted list may preclude the witness from testifying or the exhibit from being introduced." *Id.*

[8] Before trial, Father filed an Information for Contempt/Rule to Show Cause and Verified Petition to Modify Custody and Other Related Matters (October 21); Witness and Exhibit List, Verified Financial Declaration Form, and Child Support Obligation Worksheet (December 6); and Motion for Sanctions and Exclusion of Presentation of Evidence and Request for Attorney Fees (December 6). In his motion for sanctions, Father asked that, due to Mother's non-compliance with the discovery order, the trial court dismiss Mother's pending pleadings and exclude her witnesses and exhibits. Also before trial, Mother filed a Verified Petition for Contempt and a pro se appearance. Mother did not provide her exhibit or witness list to Father or file them with the trial court.

[9] On December 12, the trial court held a modification hearing to address all pending motions. Before proceeding with trial, Father asked the trial court to rule on his motion for sanctions, acknowledging that Mother complied with most of the interrogatories but noting she failed to provide her social security number and *failed to comply* with the August 30 pre-trial order, which required that she exchange and file her witness and exhibits lists. Mother explained that she went to the clerk's office with her documentation but was told to bring it the

day of trial. Nonetheless, the trial court granted Father's motion, dismissed all of Mother's pending petitions, and precluded her from introducing any exhibits or witnesses at trial. The matter proceeded to trial during which Child's therapist testified that it "would probably be in [Child's] best interest" to be in the primary care of Father. *Id.* at 77. Following the presentation of evidence, the trial court took the matter under advisement and subsequently issued an order granting Father legal and sole physical custody, modifying child support, and ordering Mother to pay some of Father's attorney fees. Mother now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

## I. Standard of Review

[10] The appropriate sanction for a discovery violation is a matter committed to the sound discretion of the trial court. *Everage v. N. Ind. Pub. Serv. Co.*, 825 N.E.2d 941, 948 (Ind. Ct. App. 2005). An abuse of that discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law. *Id.* Absent clear error and resulting prejudice, the trial court's determinations with respect to violations and sanctions should not be overturned. *Davidson v. Perron*, 756 N.E.2d 1007, 1013 (Ind. Ct. App. 2001).

# II. Discovery Sanctions

[11] Mother contends that the trial court "imposed inappropriate sanctions upon [her] despite her efforts to comply with [Father]'s discovery requests and the trial court's pre-trial orders." Brief of Appellant at 10. We disagree.

[12] It is well settled that the purpose of the discovery rules is to allow for minimal trial court involvement and to promote liberal discovery. *Ameristar Casino E. Chicago, LLC v. Ferrantelli,* 120 N.E.3d 1021, 1026 (Ind. Ct. App. 2019), *trans. denied.* "Although concealment and gamesmanship were [once] accepted as part and parcel of the adversarial process, [our supreme court] ha[s] unanimously declared that such tactics no longer have any place in our system of justice." *Whitaker v. Becker,* 960 N.E.2d 111, 115 (Ind. 2012) (internal quotation omitted). "Today, the purpose of pretrial discovery is to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Id.* (internal quotation omitted).

[13] When discovery breaks down or the trial court determines that the discovery process has been abused, the trial court may, in its discretion, impose various sanctions including, but not limited to, an award of costs and attorney fees, exclusion of evidence obtained through misuse of the discovery process, or entry of dismissal or judgment by default. *Ameristar Casino E. Chicago,* 120 N.E.3d at 1027; *see* Ind. Trial Rule 37(B)(2). In determining an appropriate discovery sanction, the sole limitation is that the sanction must be just. Ind.

Trial Rule 37(B)(2). Prior to dismissing a petition or entering a default judgment, which is the ultimate sanction, the trial court need not first issue a lesser sanction. *Ameristar Casino E. Chicago,* 120 N.E.3d at 1027. Although default judgment plays a key role in maintaining an efficient and orderly judicial system as a means of enforcing compliance with the trial court, "in Indiana there is a marked judicial deference for deciding disputes on their merits and for giving parties their day in court, especially in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations." *Id.* (quoting *Charnas v. Estate of Loizos*, 822 N.E.2d 181, 185 (Ind. Ct. App. 2005)).

[14] There is no question that Mother was ordered by the trial court several times to fully comply with Father's discovery requests and was warned of the potential consequences of failing to do so. At the time of trial, Mother had failed to provide her social security number, "a couple other answers[,]" and her witness and exhibit lists. Transcript, Volume 2 at 51. It is unclear what "other answers" Mother failed to provide to Father, but ultimately, it appears that Mother largely complied with Father's discovery requests. *Id.* With respect to her witness and exhibit lists, however, Mother failed to provide this information to Father and did not file her lists with the trial court prior to trial. At trial, Mother stated that she physically brought her materials to the clerk's office but was told "it was best to just bring it on the day of the trial[.]" *Id.* at 52. Despite this explanation, the trial court found that Mother failed to comply with the court's discovery order and stated, "You can't bring [the documentation] in

today. . . . I understand you are not an attorney but rules are rules and they have to be followed. When you represent yourself, you are held to the same standard as an attorney." *Id.* at 56. Mother did not object or make an offer of proof on the record as to who she intended to call as witnesses or what evidence she planned to introduce.[1] Instead, trial proceeded and Child's therapist, Mother, and Father testified. Mother cross-examined Child's therapist and Father.

[15] Mother argues that Father would not have been prejudiced by allowing her to call witnesses and present evidence because he would have "known every witness personally, if not intimately, and very likely was planning to call them in his own case-in-chief." Br. of Appellant at 13. However, in making our determination, we are strictly bound by the record before us. This factual scenario is akin to the failure to make an offer of proof in evidentiary matters:

> During direct examination, when the trial court rules that a witness may not testify, the proponent of the excluded testimony must make an offer of proof to preserve the ruling for appellate review. An offer of proof provides the appellate court with the scope and effect of the area of inquiry and the proposed answers, in order that it may consider whether the trial court's ruling excluding the evidence was proper. Thus, the offer of proof must demonstrate the substance, purpose, relevancy, and materiality of

---

[1] In questioning Father, Mother made several references to evidence not in the record, such as her timecard, e-mails, and documents she failed to identify in her exhibit and witness lists. Father made contemporaneous objections, which the trial court sustained. The trial court also reminded Mother several times that she was not allowed to admit any evidentiary materials. These references do not amount to legitimate offers of proof.

the excluded evidence in order to enable the appellate court to determine on appeal whether the exclusion was proper.

*Donaldson v. Indianapolis Pub. Transp. Corp.*, 632 N.E.2d 1167, 1170 (Ind. Ct. App. 1994) (quotations and citations omitted).

Here, Mother concedes she failed to make an offer of proof by presenting her exhibit and witness lists. As a result, we have no way of determining whether she was prejudiced by the trial court's sanctions.[2] *See id.* (no error in the exclusion of certain testimony where the appellant made only a partial offer of proof, which was sufficient to establish the testimony's relevance but not to establish the materiality thereof, leaving the court "no way of determining whether [the appellant] was prejudiced by the trial court's ruling"); *see also Daub v. Daub*, 629 N.E.2d 873, 876 (Ind. Ct. App. 1994) ("[F]ailure to make an offer to prove precludes us from assessing the extent of the prejudice which resulted from the court's ruling and leaves any alleged error improperly preserved for review."), *trans. denied*. It is well established that a pro se litigant is held to the same standards as a trained attorney and is "afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). And throughout these proceedings Mother, pro se, was bound by these standards. We acknowledge that this case highlights the potential

---

[2] In her brief, Mother analyzes five factors considered by courts in determining whether the testimony of an untimely disclosed witness should be excluded. *See* Br. of Appellant at 13. However, because Mother failed to make an offer of proof as to who she intended to call as witnesses, an evaluation of these factors is not applicable.

dangers of proceeding pro se and we are concerned about the harsh nature of the discovery sanctions imposed, particularly given that child custody and related matters were at issue.

[17] Nonetheless, our role is to evaluate whether the trial court abused its discretion, not whether we would have imposed a different sanction. *See Davidson*, 756 N.E.2d at 1013 (absent clear error and resulting prejudice, this court should not overturn a trial court's rulings with respect to discovery violations and sanctions). And the trial court is afforded wide discretion in fashioning discovery sanctions. *Everage*, 825 N.E.2d at 948. "Trial judges stand much closer than an appellate court to the currents of litigation pending before them, and they have a correspondingly better sense of which sanctions will adequately protect the litigants in any given case, without going overboard, while still discouraging gamesmanship in future litigation." *Whitaker*, 960 N.E.2d at 115. Mother claims she provided Father with her potential witnesses and exhibits via discovery, albeit not in the form requested by Father, and that he would not have been blindsided by her witnesses or experts at trial. Although we believe the trial court's order was harsh on its face, the fact is that Mother did not share with the trial court or with this court exactly what information she had already

provided to Father.[3]  Because Mother failed to do either, we cannot provide

Mother with the relief she seeks and must affirm.

# Conclusion

Mother failed to create an adequate record and therefore, we affirm.

Affirmed.


Crone, J., concurs.

Brown, J., concurs in result with opinion.

---

[3] With respect to Mother's claim that she provided Father with her potential witnesses and exhibits prior to trial via discovery, we note that Father is extremely precise in his statements to this court and the trial court on this issue, carefully stating that Mother failed to exchange or file her exhibit and witness lists but never actually claiming that he was unaware of who she intended to call as witnesses or what evidence she intended to present.  However, the fact remains that Mother *did* fail to comply with the order, and as a result, the documents at the heart of this matter are not part of the record and unavailable for our review.

| | |
|---|---|
| In re: The Matter of the Paternity of M.M., | Court of Appeals Case No. 20A-JP-120 |
| Mimory C. Steadman, | |
| *Appellant-Petitioner*, | |
| v. | |
| Christopher J. Myers, | |
| *Appellee-Respondent*. | |

**Brown, Judge, concurring in result.**

[20] I concur in the result reached by the majority and write separately because I believe the trial court abused its discretion. At the beginning of the hearing, the magistrate abruptly excluded any evidence from Mother, despite the fact that Father did not assert that he did not know who Mother's witnesses would be or the substance of her exhibits; rather, he claimed only to have not received her list. The petitions addressed at the hearing included only Father's petitions and involved child custody and contempt, and Mother represented herself. The trial

court did not impose any lesser sanctions before excluding all evidence from Mother.

[21] However, at the hearing, Mother waived any error by failing to make an offer of proof as to what her evidence would have been; failing to give an opening statement and merely stating, "Um, I mean I can't present my evidence so I guess we just have to go into it," Transcript Volume II at 58; and when asked if she "had anything further" after Husband presented his case, said "I guess just a statement, closing statement." Transcript Volume III at 50. Mother failed to include the discovery documents in the record before us in which she claimed to have identified her witnesses and exhibits to Father, and thus she has waived the issue here. Thus, while I believe the trial court abused its discretion, Mother failed to preserve the error and it is waived.